| | |
|---|---|
| C.C., V.M., L.R., and K.G.<br><br>Plaintiffs,<br><br>v.<br><br>WILDERNESS TRAINING & CONSULTING, LLC (d/b/a FAMILY HELP & WELLNESS); WTC HOLDCO, LLC; SOLSTICE EAST, LLC; TRAILS CAROLINA, LLC; and JOHN DOE ENTITIES 1-10,<br><br>Defendants. | **DEFENDANTS WILDERNESS TRAINING & CONSULTING, LLC, WTC HOLDCO, LLC, SOLSTICE EAST, LLC AND TRAILS CAROLINA, LLC'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS** |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Wilderness Training & Consulting, LLC d/b/a Family Help & Wellness; WTC Holdco, LLC; Solstice East, LLC; and Trails Carolina, LLC (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this Reply Brief in support of their Motion to Dismiss the Complaint [Doc. 1] in its entirety for failure to state a claim upon which relief can be granted.

## BOTTOM LINE UP FRONT

Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opposition") confirms that this case is not about human trafficking. Even taking the Complaint's allegations as true, Plaintiffs describe a parent-initiated residential treatment placement with rules, supervision, and consequences. Plaintiffs still do not plead facts showing coercion used for the purpose of obtaining labor, intent to exploit labor, or knowing participation in, or a knowing benefit from, a trafficking venture. Plaintiffs cannot supply those missing elements through briefing. The TVPRA counts fail as a matter of law, the § 2255 claim fails without a viable predicate, and the

1

state-law claims are untimely and substantively defective. The Court should dismiss the Complaint in its entirety with prejudice.

## <u>ARGUMENT</u>

Plaintiffs ask the Court to treat ordinary features of a structured residential treatment setting, including supervision, restricted privileges, phase systems, and chores, as "forced labor," "involuntary servitude," and "trafficking." The TVPRA does not reach that far. Notably, Plaintiffs' Opposition is devoid of any case law supporting that unprecedented expansion. Plaintiffs' Opposition devotes pages to recharacterizing allegations, but it does not supply what the Complaint lacks: defendant-specific facts plausibly showing coercion used to obtain labor, an intent to exploit labor, or knowing participation in a trafficking venture. *See* 18 U.S.C. §§ 1589, 1590, 1595.

Rule 12(b)(6) requires factual allegations that make each claim plausible—not volume, rhetoric, and incendiary accusations. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Courts need not accept legal conclusions or implausible inferences. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Plaintiffs cannot amend the Complaint through argument in an opposition brief. When the pleaded facts do not satisfy statutory elements, dismissal is required.

As shown herein, the TVPRA counts fail (Counts One–Five); the § 2255 claim fails for lack of a properly pleaded predicate (Count Six); and the state-law claims are time-barred and independently defective (Counts Seven–Ten). The Court should dismiss this action in its entirety with prejudice.

## I. PLAINTIFFS FAIL TO STATE ANY CLAIM UNDER THE TVPRA (COUNTS ONE THROUGH FIVE).

Plaintiffs' TVPRA theories collapse for three independent reasons. First, the Complaint is saturated with group pleading and conclusory statutory labels, not defendant-specific facts showing knowledge and intent. Second, the alleged "coercion" is untethered to obtaining labor as the TVPRA requires. Third, Plaintiffs' effort to reframe parent-initiated therapeutic placement as "trafficking" stretches the statute beyond recognition.

### A. Plaintiffs Do Not Plausibly Plead the Requisite Knowing and Intentional Conduct.

Sections 1589 and 1590 impose liability only for "knowing" conduct, meaning obtaining labor by prohibited means or recruiting or harboring a person for forced labor. Negligence, mismanagement, or "program philosophy" is not enough. *Muchira v. Al-Rawal*, 850 F.3d 605, 618, 622 (4th Cir. 2017) (plaintiff must show intent to cause belief of serious harm for failure to work or knowing abuse of law to coerce labor). Under § 1595, Plaintiffs must plead facts showing that each defendant knowingly benefited from participation in a venture it knew or should have known engaged in a TVPRA violation. Generalized allegations about industry risks or public controversy do not substitute for plausible, defendant-specific knowledge. *Doe (L.M.) v. 42 Hotel Raleigh, LLC*, 717 F. Supp. 3d 464 (E.D.N.C. 2024). Plaintiffs' Opposition does not cure these pleading defects. It largely repeats conclusions, such as "trafficked" and "forced labor," without facts plausibly showing the required scienter for each Defendant.

### B. Plaintiffs Do Not Plead Forced Labor or Involuntary Servitude.

Forced labor under § 1589 is not established by alleging tasks, chores, or routine responsibilities in a residential setting. It requires facts plausibly showing Defendants obtained labor through threats of serious harm, physical restraint, abuse of legal process, or a coercive

3

scheme leaving no reasonable alternative. 18 U.S.C. § 1589. Plaintiffs' allegations boil down to consequences for noncompliance, including loss of privileges, extra tasks, exercise, food-related discipline, or delayed advancement in the program. Even if unpleasant, those allegations do not describe the type of "serious harm" that compels a reasonable person to remain in a condition of servitude. *Muchira*, 850 F.3d at 618. Critically, Plaintiffs do not plausibly allege a coercion to obtain labor nexus. The Complaint does not plead facts showing these measures were imposed to obtain labor rather than as alleged discipline within a program. Courts have rejected forced-labor theories in materially stronger circumstances. *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017 (7th Cir. 2024). Likewise, requiring basic cleaning functions does not plausibly state a forced-labor claim. *Ruderman v. Kenosha Cnty.*, 752 F. Supp. 3d 1084, 1089 (E.D. Wis. 2024). For similar reasons, Plaintiffs fail to plead the holding element of involuntary servitude under § 1589.

### C. *Plaintiffs Do Not Plead Trafficking Under § 1590.*

Section 1590 requires that recruitment, harboring, transporting, providing, or obtaining be undertaken "for labor or services in violation of this chapter." 18 U.S.C. § 1590. Plaintiffs' own allegations foreclose the required trafficking purpose because they were enrolled by parents or guardians seeking treatment and supervision, not obtained as laborers. Plaintiffs' Opposition attempts to convert marketing allegations into trafficking, but even if accepted, marketing does not plausibly show Defendants obtained Plaintiffs for labor exploitation. Trafficking is analytically distinct and has its own elements. *Shukla v. Sharma*, No. 07-cv-2972, 2012 WL 481796, at *14 (E.D.N.Y. Feb. 14, 2012). Plaintiffs' allegations do not plausibly plead the purpose-driven element § 1590 requires.

4

### D. Plaintiffs Do Not Plead Beneficiary Liability Under § 1595.

Beneficiary liability requires facts plausibly showing: (1) a knowing benefit; (2) from participation in a venture; (3) that violated the TVPRA as to the plaintiff; and (4) knowledge, actual or constructive, that the venture violated the TVPRA. *Doe (L.M.)*, 717 F. Supp. 3d at 468; *see also Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021). Plaintiffs' theory largely reduces to "Defendants were paid to provide residential services." That is not participation in a trafficking venture. Conclusory allegations about corporate structure, shared ownership, or generalized public allegations do not plausibly plead venture participation, a qualifying knowing benefit from trafficking, or the required knowledge.

### E. Plaintiffs' Attempt and Conspiracy Allegations Are Conclusory.

To plead a TVPRA conspiracy, Plaintiffs must allege facts that plausibly suggest an agreement, meaning a meeting of the minds, to commit a TVPRA violation. Corporate affiliation does not relax that burden. *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 423 (4th Cir. 2015); *Baxla v. Chaudhri*, 225 F. Supp. 3d 588, 594 (E.D. Va. 2016). An attempt requires specific intent plus a substantial step. *United States v. Lassiter*, 96 F.4th 629, 638 (4th Cir.), cert. denied, 145 S. Ct. 208 (2024). Plaintiffs' Opposition relies on labels and corporate charts, not factual allegations of agreement, intent, or substantial steps toward trafficking offenses. The § 1594 counts should be dismissed.

### II. PLAINTIFFS FAIL TO STATE A CLAIM UNDER 18 U.S.C. § 2255 (COUNT SIX).

Section 2255 requires well-pleaded facts establishing the commission of an enumerated predicate offense. *Doe 9 v. Varsity Brands, LLC*, 679 F. Supp. 3d 464, 479 (D.S.C. 2023); *Doe 1 v. Varsity Brands, LLC*, 724 F. Supp. 3d 463, 470 (E.D.N.C. 2024). Plaintiffs predicate Count Six on

alleged violations of §§ 1589 and 1590. Because the Complaint does not plausibly plead those TVPRA predicates for the reasons above, Count Six necessarily fails as a matter of law.

### III. PLAINTIFFS FAIL TO STATE THEIR NORTH CAROLINA STATE-LAW CLAIMS (COUNTS SEVEN–TEN).

Plaintiffs' state-law claims fail for threshold reasons and on the merits. First, Plaintiffs' allegations, by their own terms, challenge the provision of mental and medical care by licensed professionals and thus sound in medical malpractice, triggering North Carolina Rule 9(j) and the statutory framework governing claims against "health care providers." N.C. Gen. Stat. § 90-21.11. Second, the pleaded dates establish that much of the alleged conduct occurred years before this suit was filed. Plaintiffs do not plead a plausible tolling theory to rescue time-barred claims. *See King by & through Small v. Albemarle Hosp. Auth.*, 370 N.C. 467, 471–72, 809 S.E.2d 847 (2018).

Plaintiffs' UDTPA claim independently fails. The UDTPA generally does not apply to professional healthcare services under the learned-profession exception. N.C. Gen. Stat. § 75-1.1(b); *Phillips v. A Triangle Women's Health Clinic, Inc.*, 155 N.C. App. 372, 378, 573 S.E.2d 600, 604 (2002); *Sykes v. Health Network Sols., Inc.*, 372 N.C. 326, 336, 828 S.E.2d 467, 473 (2019). And even if the exception did not apply, Plaintiffs do not plead with any particularity who said what, when, and why it was false nor do they plausibly plead proximate causation of an actual injury "in or affecting commerce."

Finally, Plaintiffs' civil conspiracy claim fails because civil conspiracy is not an independent cause of action and requires a viable underlying tort plus factual allegations of an agreement to commit an unlawful act. *Piraino Bros., LLC v. Atl. Fin. Grp., Inc.*, 211 N.C. App. 343, 350, 712 S.E.2d 328, 333 (2011); *Cohanzad as Tr. of Benjamin Cohanzad Tr. v. Johnson*, 759 F. Supp. 3d 675, 682 (E.D.N.C. 2024). Plaintiffs rely on conclusory allegations and corporate affiliation, which are insufficient.

6

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety with prejudice and award such further relief as the Court deems just and proper.

This the 30th day of March, 2026.

**GARDNER SKELTON, PLLC**

/s/ Kristy M. D'Ambrosio
David L. Levy (NC State Bar No. 34060)
Kristy M. D'Ambrosio (NC State Bar No. 52817)
Gardner Skelton, PLLC
3746 N. Davidson Street
Charlotte, North Carolina 28205
Telephone: (704) 335-0350
Email: dlevy@gardnerskelton.com
kdambrosio@gardnerskelton.com
*Attorneys for Defendants Wilderness Training & Consulting, LLC d/b/a Family Help & Wellness; WTC Holdco, LLC; Solstice East, LLC and Trails Carolina, LLC*

7

## USE OF ARTIFICIAL INTELLIGENCE CERTIFICATION

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources of Westlaw and Lexis, Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at my discretion as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

## CERTIFICATION OF WORD COUNT OR PAGE LIMITS

Pursuant to LCvRp 7.1(d), the undersigned hereby certifies that this brief complies with the applicable word-count and/or page limitation, excluding the caption, signature block, and certificate of service.

This the 30th day of March, 2026.

**GARDNER SKELTON, PLLC**

/s/ Kristy M. D'Ambrosio
David L. Levy (NC State Bar No. 34060)
Kristy M. D'Ambrosio (NC State Bar No. 52817) Gardner Skelton, PLLC
3746 N. Davidson Street Charlotte, North Carolina 28205 Telephone: (704) 335-0350
Email: dlevy@gardnerskelton.com
kdambrosio@gardnerskelton.com
*Attorneys for Defendants Wilderness Training & Consulting, LLC d/b/a Family Help & Wellness; WTC Holdco, LLC; Solstice East, LLC and Trails Carolina, LLC*

8

<u>**CERTIFICATE OF SERVICE**</u>

I certify that the foregoing **DEFENDANTS WILDERNESS TRAINING & CONSULTING, LLC, WTC HOLDCO, LLC, SOLSTICE EAST, LLC AND TRAILS CAROLINA, LLC'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS** has on this date been served upon counsel in this matter via this Court's CM/ECF system.

This the 30th day of March, 2026.

**GARDNER SKELTON, PLLC**

/s/ Kristy M. D'Ambrosio
David L. Levy (NC State Bar No. 34060)
Kristy M. D'Ambrosio (NC State Bar No. 52817)
Gardner Skelton, PLLC
3746 N. Davidson Street
Charlotte, North Carolina 28205
Telephone: (704) 335-0350
Email: dlevy@gardnerskelton.com
kdambrosio@gardnerskelton.com
*Attorneys for Defendants Wilderness Training & Consulting, LLC d/b/a Family Help & Wellness; WTC Holdco, LLC; Solstice East, LLC and Trails Carolina, LLC*

9