C.C., V.M., L.R., and K.G.

*Plaintiffs*,

v.

WILDERNESS TRAINING &
CONSULTING, LLC (d/b/a FAMILY HELP
& WELLNESS); WTC HOLDCO, LLC;
SOLSTICE EAST, LLC; TRAILS
CAROLINA, LLC and

JOHN DOE ENTITIES 1-10,

*Defendants*.

Case No. 1:25-cv-00457-MOC-DCK

## PLAINTIFFS' NOTICE OF SUBSEQUENTLY DECIDED SUPPLEMENTAL AUTHORITY

Plaintiffs, C.C., V.M., L.R., and K.G., (collectively, "Plaintiffs") file this Notice of Subsequently Decided Supplemental Authority, and state as follows:

1. On March 9, 2026, Defendants Wilderness Training & Consulting, LLC (d/b/a Family Help & Wellness), WTC Holdco, LLC, Solstice East, LLC, and Trails Carolina, LLC filed their motion to dismiss. (Dkt. #21 - 21-1.) Plaintiffs filed their responses in opposition to the motions on March 23, 2026. (Dkt. #22.) Defendants filed their reply briefs in support of their motion to dismiss on March 31, 2026. (Dkt. #23.) The motion argues *inter alia* that Plaintiffs' claims fail to state plausible claims for forced labor, involuntary servitude, and trafficking under the TVPRA, that Defendants cannot be held liable because minor plaintiffs' parents consented to placement, and that the in loco parentis doctrine bars liability.

2. The motions have been fully briefed and rulings are pending.

3. This case is one of a series of related actions brought under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1581 *et seq.*, arising from the operation

of private residential treatment facilities for minors. As in this case, these actions allege that operators of such facilities subjected vulnerable minor children to forced labor and involuntary servitude, isolated them from their families, and extracted hundreds of hours of unpaid commercial labor under threat of serious harm—all while marketing their programs as legitimate therapeutic treatment. Across these cases, defendants have raised materially identical arguments: that the TVPRA does not reach parent-initiated residential placements, that supervision and chore assignments in a treatment setting cannot constitute forced labor, that the *in loco parentis* doctrine bars liability, and that plaintiffs have failed to plead the requisite scienter. Defendants in the above-captioned case have raised each of these arguments here. *See* Dkt. #21-1 at 1–25. Courts across the country have been called upon to evaluate these arguments at the motion to dismiss stage, and those decisions constitute persuasive authority bearing directly on the pending motions.

4. On June 4, 2026, the Central District of California of the United States District Court issued a ruling in one of these cases. This subsequently decided ruling may serve as supplemental authority in the above-referenced motions. *See Woodhouse v Riverview Christian Academy et al;* Case No. 5:26-cv-01885-MWC-SP, Dkt. #25 (June 4, 2026).

5. In *Woodhouse*, the court denied defendants' motion to dismiss TVPRA claims alleging forced labor, involuntary servitude, and trafficking arising from a minor plaintiff's placement at a private residential boarding facility. The court rejected defendants' *in loco parentis* defense, holding that the doctrine does not insulate a residential facility that profits from the unpaid labor of minors in its care. The court further held that allegations of compulsory labor performed for the financial benefit of the facility—including overnight shifts caring for animals sold for profit—plausibly stated claims for involuntary servitude under 18 U.S.C. § 1584 and forced labor under 18 U.S.C. § 1589, and that the plaintiff's allegations of systematic isolation, sleep

deprivation, and psychological punishment plausibly constituted "serious harm" under the statute. The court also sustained the § 2255 claim, the attempt and conspiracy count under § 1594, and the California state-law trafficking claim.

6. The issues decided in *Woodhouse* are directly presented by Defendants' pending motion here. Defendants raise the same *in loco parentis* argument (*see* Dkt. #21-1 at 4–6), the same contention that supervision and task assignments cannot constitute forced labor (*id.* at 7–9), and the same assertion that parental placement negates any trafficking purpose under § 1590 (*id.* at 9–10). The *Woodhouse* court's analysis of each of these arguments is squarely on point.

7. A copy of this opinion is attached hereto.

Respectfully submitted,

**GRIFFIN PURNELL LLC**
2037 Airline Road, Suite 200
Corpus Christi, Texas 78412
(361) 262-1776
(361) 356-4348 Fax
gareth@griffinpurnell.com
simon@griffinpurnell.com
Service email: support@griffinpurnell.com

By: /s/ Gareth S. Purnell
    Gareth S. Purnell (Admitted *Pro Hac Vice*)
    Simon B. Purnell (Admitted *Pro Hac Vice*)

and

Ruth A. Sheehan, NCSB 48069
Joel R. Rhine, NCSB 16028
**RHINE LAW FIRM, P.C.**
1612 Military Cutoff Road, Suite 300
Wilmington, North Carolina 28403
(910) 772-9960
(910) 772-9062 Fax
ras@rhinelawfirm.com
jrr@rhinelawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

# CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of June, 2026, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of this electronic

filing to all parties and or counsel of record in this action.

David L. Levy
Kristy M. D'Ambrosio
**GARDNER SKELTON, PLLC**
3746 N. Davidson Street
Charlotte, North Carolina 28205
dlevy@gardnerskelton.com
kdambrosio@gardnerskelton.com
*Attorneys for Defendants*
*Wilderness Training & Consulting,*
*LLC d/b/a Family Help & Wellness,*
*WTC Holdco, LLC, and*
*Solstice East, LLC and Trails Carolina, LLC*

*/s/ Gareth S. Purnell*
Gareth S. Purnell